IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TITUS FUGAH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY | : | |
| COMPANY | : | NO. 14-6908 |

MEMORANDUM

Dalzell, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　November 5, 2015

## I.　Introduction

We consider here defendant State Farm Fire and Casualty Company's motion for summary judgment on plaintiff Titus Fugah's two claims for breach of contract.[1] After purchasing a vacant house and making significant improvements, Fugah bought a homeowner's insurance policy from State Farm. Shortly thereafter, Fugah filed a claim for fire damage. While investigating that claim, State Farm discovered that the man from whom Fugah purchased the house was likely an imposter since the true owner of the house had died several years before the sale. State Farm denied Fugah's claim, and a later claim for water damage from burst pipes, because it believed Fugah lacked an insurable interest in the house. Fugah sued State Farm for breach of contract on both claims, and State Farm removed to this Court. State Farm now moves for summary judgment on both breach of contract claims, arguing that Fugah lacks an insurable interest because he is not a bona fide purchaser. Fugah argues that he has an insurable interest based on the improvements he made to the house and that there is a genuine issue of material fact as to whether he is a bona fide purchaser.

---

[1] Oddly, Fugah's counsel did not file any motion for summary judgment.

We have jurisdiction pursuant to 28 U.S.C. § 1332.[2]

## II. Standard of Review

Fed. R. Civ. P. 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

A party moving for summary judgment bears the initial burden of informing the district court of the basis for its argument that there is no genuine issue of material fact by "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). If the moving party meets this initial burden, then the non-moving party must show, via submissions beyond the pleadings, that there are genuine factual issues for trial. Id. at 324. We consider the facts and inferences in the light most favorable to the non-moving party. Marzano v. Computer Sci. Corp. Inc., 91 F.3d 497, 501 (3d Cir. 1996).

There is a genuine issue of material fact only when there is sufficient evidence such that a reasonable juror could find for the party opposing the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (explaining further that a mere scintilla of evidence is insufficient). Material facts are those that would affect the outcome of the case under the governing law. Id. at 248. We may not make credibility determinations or weigh the evidence, and we must draw all

---

[2] Fugah initially filed this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, and State Farm timely removed. Fugah is a Philadelphia resident and Pennsylvania citizen, while State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. Notice of Removal at ¶¶ 6-7. Fugah's complaint seeks coverage declarations in excess of $75,000.00. Id. at ¶ 8; Compl. at ¶¶ 4-5, 7, 12, 17.

reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Amour v. County of Beaver, PA, 271 F.3d 417, 420 (3d Cir. 2001). Our function is to determine whether there is a genuine issue for trial, and we may not prevent a case from reaching a jury simply because we favor one of several reasonable views of the evidence. Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Anderson, 477 U.S. at 249).

### III.     Factual Background

On August 29, 2013, State Farm issued Fugah an insurance policy, designated Policy Number 78-CC-V021-8, for the house located at 1511 N. 20th Street, Philadelphia, Pennsylvania, 19121-2122. MSJ at ¶ 6; Pl. Resp. at ¶ 6; MSJ Ex. C (Insurance Policy). On September 15, 2013 a fire damaged much of the house, and Fugah reported this claim to State Farm through his public adjuster. MSJ at ¶ 7; Pl. Resp. at ¶ 7; MSJ Ex. D (Claim Number 38-345L-210). State Farm referred the claim to its Special Investigation Unit and assigned representative Kathleen Bowser to the claim. MSJ at ¶ 8; Pl. Resp. at ¶ 8; MSJ Ex. D at 51.

On October 1, 2013, as part of State Farm's investigation, Bowser took Fugah's recorded statement. MSJ at ¶ 9; Pl. Resp. at ¶ 9; MSJ Ex. E (Transcript of Recorded Statement) ("Tr. Rec. Statement"). Bowser asked about Fugah's purchase of the home that the policy covered. Tr. Rec. Statement at 7. Fugah said he purchased the home in December of 2012 directly from someone named Lee Smith after calling a phone number posted on an "I Buy and Sell Houses" sign. Id. at 7-8. Fugah paid Smith $16,000.00 in cash for the house. Id. at 8-9, 11. As part of the transaction, Smith gave Fugah the deed to the house, which Smith signed, and Smith showed Fugah a state identification card. Id. at 9-10. Fugah went to City Hall to check the records of the property and

came away satisfied "that everything was on the up and up." Id. at 10. Fugah recorded the deed in January of 2013. Id. at 11.

During the recorded statement, Bowser asked Fugah, "Would it surprise you to know Mr. Smith has been dead since 2010?" Id. at 12. Fugah said that it would surprise him, that he did not know Lee Smith was dead, and that the ID he saw from the seller was for a "Lee Smith" and listed the house's address. Id. Fugah stated that, after the purchase, he contacted the City Commissioner's office with concerns about the legitimacy of the sale and was told that there were no issues and the house was his. Id. at 12-13.

Indeed, the house's previous owner, Lee Smith, died on January 3, 2010. MSJ Ex. F (Lee Smith Certificate of Death). The "Lee Smith" who purported to sell the house to Fugah would appear to have been an imposter.

As part of State Farm's continuing investigation, Fugah submitted to an examination -- under oath -- on February 7, 2014. MSJ Ex. G (Transcript of Examination Under Oath) ("Tr. EUO"). Fugah reiterated that he learned about the house after calling a phone number on a yellow sign, likely posted on Broad Street. Tr. EUO at 31:4-23. Fugah said he reached a man identifying himself as "Lee Smith," who said he had a house that might be of interest. Id. at 34:14-19. Fugah twice visited the property with Smith and went by himself several other times. Id. at 37:21-23, 38:3-6. When Fugah first visited the house with Smith, the door was unlocked and Smith did not use a key to get in. Id. at 39:10-17. Before purchasing the house, Fugah spoke with one of the neighbors, Edna Thomas, who mentioned that she was concerned about squatters but never mentioned that the previous owner, Lee Smith, had died. Id. at 55:21-56:17.

Other than the deed, there was no written agreement documenting the sale of the house. Id. at 49:15-20. Fugah initially paid Smith $3,000.00 in cash in December of 2012, and Fugah

paid Smith the balance of the $16,000.00 sale price when Smith brought the deed to the house a few days later. Id. at 60:6-21. Fugah checked Smith's state identification card and ensured the picture matched Smith, but did not make a copy because they were in the house. Id. at 61:3-12. The deed Smith brought had already been signed and notarized and indicated that the property was being sold for one dollar. Id. at 63:3-9, 64:20-24. Smith told Fugah that listing the sale price as a dollar would protect him from excessive taxes. Id. at 63:8-9. The transaction was the last time Fugah saw Smith. Id. at 66:2-4.

Fugah did not consult with a realtor or an attorney, and he did not purchase title insurance for the house. Id. at 49:21-22, 49:24-50:2. Fugah did not have a title search done on the property, but did his own research online and by looking through records at City Hall. Id. at 50:3-7.

After purchasing the house, Fugah replaced walls and windows, painted, installed an HVAC unit and new kitchen cabinets, bought appliances, and invested about 1500 hours of his own labor into the property. Id. at 27:11-22, 42:15-20, 44:21-23, 46:6-12, 56:18-22. Fugah paid real estate taxes after the sale, but there are now real estate tax liens against Fugah for unpaid property taxes incurred by the prior owner. Id. at 74:8-16; Pl. Resp. Ex. 5 (Pennsylvania Abstract Company Report).

On November 25, 2014, State Farm denied Fugah's claim for the September 15, 2013 fire because it believed that its investigation revealed Fugah "made material misrepresentations during the presentation of the claim which violates the fraud and concealment conditions" of the policy and "failed to establish that [he] had an insurable interest in the home." MSJ Ex. J at 1. On December 12, 2014 State Farm denied Fugah's second-filed claim for water damage that occurred on January 9, 2014, after water from burst pipes in his house leaked into his neighbor's

house.  MSJ Ex. K at 1.  In support of that denial, State Farm cited the portions of his policy relating to his duty to inform State Farm of a loss and concealment or fraud. Id.

**IV.     Discussion**

State Farm claims that it is not in breach of contract for failing to pay Fugah's claims because Fugah does not have an insurable interest in the property.

To have an insurable interest, a party must derive a pecuniary benefit or advantage from the property's continued existence or suffer a pecuniary loss from its destruction. Luchansky v. Farmers Fire Ins. Co., 515 A.2d 598, 599 (Pa. Super. Ct. 1986) (citing 43 Am. Jur. 2d Insurance § 943). A reasonable expectation of benefit from the property's preservation is sufficient. Id. (citing Appleman, Insurance Law and Practice § 2123). An equitable title or interest or other qualified right will suffice because the test is exposure to financial loss, not fee title. Id. "And a person who has made himself responsible for property may insure it against loss." Id. See also Shockley v. Harleysville Mut. Ins. Co., 553 A.2d 973, 975 (Pa. Super. Ct. 1988) (summarizing these principles from Luchansky to conclude that a bona fide purchaser of a stolen vehicle had an insurable interest in that vehicle).

The primary purpose of Pennsylvania's recording statute is to prevent fraud by giving public notice regarding who owns title to specified property.[3] Montgomery County, Pa. v.

---

[3] Pennsylvania's recording statute, codified at 21 P.S. § 351, provides:
> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as

MERSCORP Inc., 795 F.3d 372, 376 (3d Cir. 2015) (citing Salter v. Reed, 15 Pa. 260, 263 (Pa. 1850)). If a conveyance is not recorded, then it is void as to any subsequent bona fide purchaser. Id. (citing 21 P.S. § 351). "No other consequence for failure to record is set forth in Pennsylvania law." Id. A bona fide purchaser is one who purchases real property without actual or constructive notice of a third party's claim against the property and who therefore takes the property free and clear of that claim. In re Moore, 528 B.R. 129, 135 (E.D. Pa. 2015) (summarizing Lund v. Heinreich, 189 A.2d 581, 584 (Pa. 1963)). Failing to conduct a full title search, when conducting such a search would reveal prior claims or impairments, jeopardizes the buyer's status as a bona fide purchaser. Sabella v. Appalachian Dev. Corp., 103 A.3d 83, 104 (Pa. Super. Ct. 2014).

Pennsylvania's recording statute is notably unconcerned with insurance contracts. And an insured's failure to protect his bona fide purchaser status does not affect an insurance company's obligations to the insured under an insurance contract. As explained in Shockley:

> The essence of an insurance contract is that the insurer, for the appropriate premium payment, will compensate the insured for a covered loss upon its occurrence. If there is an existing and valid contract of insurance the insurer's obligation is triggered by the occurrence of a loss of the type covered under the policy.

Shockley, 553 A.2d at 975.

---

aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

Whether someone is a bona fide purchaser of a property is a distinct and separate question from whether someone has an insurable interest in that property, and the test for an insurable interest explicitly eschews fee title as a dispositive element. Whether Fugah is a bona fide purchaser may be of concern to the Estate of Lee Smith, but it is immaterial as it pertains to State Farm's insurance contract with Fugah.

What is material is whether Fugah had an insurable interest in the property at the time of the losses. State Farm argues that "[t]he record is clear that Plaintiff was not a bona fide purchaser of the Property and that he had no insurable interest in the Property at the time of the loss." Def. Mem. at 3. But Fugah proffers sufficient evidence to allow a fact-finder to believe that he did in fact have an insurable interest in the property. Fugah claims that he paid $16,000.00 to someone identifying himself as "Lee Smith" for the deed to the house.  Tr. EUO at 47:23-24; MSJ at ¶¶ 11, 17. At the very least, the deed reported one dollar of consideration for the sale. Tr. EUO at 67:8-15. Fugah also contends that he replaced walls and windows, painted, installed an HVAC unit and new kitchen cabinets, bought appliances, invested about 1500 hours of his own labor in the house, and paid real estate taxes on the property. See id. at 27:11-22, 42:15-20, 44:21-23, 46:6-12, 56:18-22, 74:8-16.

Fugah's purchase of the property for value would permit a fact-finder to believe that Fugah had a sufficient equitable interest or other qualified property right -- even if not fee title -- to ground his insurable interest. A fact-finder could similarly believe that Fugah made himself responsible for the property by installing locks, buying insurance, and paying property taxes, and that after investing substantial time and money into improving the house, he stood to gain from the property's continued existence and would suffer a pecuniary loss from its destruction. While Fugah did not cross-move for summary judgment on the issue of whether he had an insurable

8

interest in the property, he has produced sufficient evidence to refute State Farm's claim that there are no facts in the record supporting his claim of an insurable interest. We will therefore deny State Farm's motion for summary judgment as to Fugah's two breach of contract claims.

## V.     Conclusion

State Farm argues that it is entitled to summary judgment on Fugah's two breach of contract claims because Fugah was not a bona fide purchaser of the property and therefore had no insurable interest to it. But Fugah's insurable interest in the property does not require fee title or depends upon whether he was a bona fide purchaser. Fugah has proffered sufficient evidence to allow a fact-finder to believe that he had an insurable interest in the property and whether he was a bona fide purchaser is simply beside the point of whether he had an insurable interest. We will therefore deny State Farm's motion for summary judgment. An appropriate Order follows.

BY THE COURT:

   /s/ Stewart Dalzell, J.