IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TITUS FUGAH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY | : | NO. 14-6908 |

MEMORANDUM

Dalzell, J.                                                                                       April 6, 2016

## I.   Introduction

We consider here plaintiff Titus Fugah's motion for leave to file a second amended complaint, which defendant State Farm Fire and Casualty Company (hereinafter "State Farm") opposes. Fugah's proposed second amended complaint seeks to add a third claim for bad faith under 42 Pa. C.S. § 8371 in addition to his two existing claims for breach of contract.

We will deny Fugah's motion because he demonstrated undue delay in seeking leave; such a delayed amendment would prejudice the defendant as the non-moving party; and the proposed amendment would ultimately prove futile.

## II.  Standard of Review

When amendment is not permitted as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Courts should give leave freely when justice so requires. Id. We have discretion to grant or deny a request for leave to amend, though we may not deny leave without any justifying reason. Foman v. Davis, 371 U.S. 178, 182 (1962). We may deny leave to amend a complaint if (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment

would be futile, or (3) the amendment would prejudice the other party. Id.; Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

Because we write solely for the parties, we include only those portions of the record relevant to our decision in this particular procedural posture.

### III.     Factual And Procedural Background

State Farm removed this case from the Court of Common Pleas of Philadelphia County on December 5, 2014. See Def.'s Not. of Removal. At an arbitration hearing on January 28, 2016, the Board of Arbitrators entered an award in plaintiff's favor, and State Farm timely appealed and requested a trial de novo. See Def.'s Not. of Appeal. In accordance with our March 18, 2016 Order, Fugah timely filed a motion for leave to file a second amended complaint, and State Farm filed a timely response in opposition thereto.

In his first amended complaint, Fugah brought two claims for breach of contract based on State Farm's denial of coverage for two separate losses he suffered on September 15, 2013 and January 9, 2014. See Def.'s Not. of Removal Ex. A. Fugah's proposed second amended complaint alleges the same two breach of contract claims as Counts I and II of his first amended complaint, and adds a new Count III alleging a claim for bad faith under 42 Pa. C.S. § 8371. See Pl.'s Mot. Ex. F.

Fugah argues that, at the January 28, 2016 arbitration hearing, he discovered that State Farm had no factual basis for asserting that he made material misrepresentations when he filed his insurance claims. Pl.'s Mot. Mem. at 3, 5. He does not elaborate on what new information he learned at that proceeding. See, e.g., id. at 6 (discussing State Farm's investigation, but not what new information he learned at the arbitration proceeding). State Farm argues that it provided

copies of its claim files in March of 2015 and that all information, documents, and testimony used at the arbitration were previously exchanged during discovery. Def.'s Resp. Mem. at 7-8.

**IV.    Discussion**

We may deny leave to amend a complaint if (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) amendment would prejudice the other party. Foman, 371 U.S. at 182; Lake, 232 F.3d at 373. We first discuss whether Fugah has demonstrated undue delay and whether that delay or the proposed amendment prejudices State Farm, and we then consider whether the amendment itself would be futile.

**A.    Whether Fugah Has Demonstrated
Undue Delay, Bad Faith, Or Dilatory Motive**

The party moving to amend the pleadings bears the burden of explaining the reasons for its delay in seeking leave to do so. Gaston v. Exelon Corp., 247 F.R.D. 75, 86 (E.D. Pa. 2007). Delay alone is not enough to justify denying such a motion, unless the delay unduly prejudiced the non-moving party. Kiser v. General Elec. Corp., 831 F.2d 423, 427-28 (3d Cir. 1987).

Fugah argues that he discovered additional facts at the January 28, 2016 arbitration proceeding regarding State Farm's factual basis for denying his claims. Pl.'s Mot. Mem. at 3. Specifically, Fugah avers that he did not discover that State Farm had no factual basis for asserting that he had made material misrepresentations until that proceeding. Id. at 5. He does not elaborate on what new information he learned that alerted him to this alleged lack of a reasonable basis. Id. at 6. State Farm argues that it presented no new information, documents, or testimony at the arbitration hearing, and that Fugah had all of the relevant discovery materials prior to that proceeding. Def.'s Resp. Br. at 7-8.

3

As the moving party, Fugah bears the burden of demonstrating the reason for his delay in seeking leave to amend his complaint. But Fugah has not explained what new information he discovered at the arbitration proceeding that suddenly alerted him to the factual predicate for his proposed bad faith claim. Rather, Fugah had all of the predicate facts at his disposal before that hearing, thereby belying his assertion that this is his first opportunity to further amend the complaint. We therefore find that Fugah failed to meet his burden to explain the delay in seeking leave to amend, and that this delay is undue.

Although delay alone does not justify denying a motion for leave to amend, it does require us to consider whether State Farm will be prejudiced by this delayed amendment, a matter which we discuss below.

### B.     Whether Fugah's Amendment Would Prejudice State Farm

Prejudice to the non-moving party is the touchstone for denying a motion for leave to amend. Dole v. Arco Chemical Co., 921 F.2d 484, 488 (3d Cir. 1990). Merely claiming "prejudice" is insufficient as the non-moving party must make some showing that it was either unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered had the amendment been timely, or that its ability to present its case would be seriously impaired. Id. The need for extensive additional discovery may be prejudicial to the non-moving party. See Adam v. Gould Inc., 739 F.2d 858, 869 (3d Cir. 1984) (citing cases). An amendment proposing new case theories or claims that would require significant additional preparation may create prejudice, while one that merely increases the non-moving party's potential liability does not. 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2015). An amendment may be permitted if it would not unduly increase discovery or delay trial, or if the non-moving party cannot claim surprise. Id.

Fugah argues that there is no prejudice because he (1) did not know about State Farm's bad faith conduct until the arbitration proceeding, (2) had no prior opportunity to amend, (3) has not moved to amend after an adverse judgment against him, and (4) requires no further discovery to prosecute his bad faith claim. Pl.'s Mot. Mem. at 7. State Farm argues that it would be unduly prejudiced by the proposed amendment because (1) it needs additional discovery on the new bad faith claim, (2) the amendment will cause delay of the trial of this case, and (3) State Farm would be faced with the prospect of defending a new and significant allegation of bad faith that should have been brought much earlier in the course of this litigation. Def.'s Resp. Mem. at 9, 16-17.

As we found earlier, Fugah has not met his burden of showing why or how, and only at this late stage, he became aware of the predicate for his bad faith claim.  Merely claiming that he learned new information at the arbitration hearing, without any explanation of what he had learned, does not suffice. Nor is the Court persuaded by his argument that this is his first opportunity to amend the complaint.

Although Fugah argues that his new claim would not require additional discovery, this new claim materially differs from his existing breach of contract claims that State Farm would be entitled to substantial additional discovery. See, e.g., Gaston, 247 F.R.D. at 85-86 (E.D. Pa. 2007) (treating with skepticism the plaintiffs' blithe claim that no additional discovery would be required as a result of their proposed amendment). While Fugah might be able to prosecute his claim based on the discovery he has, State Farm cannot be expected to defend such a bad faith claim without prior notice or the opportunity to conduct relevant discovery. Under these circumstances, State Farm's ability to present its case would be seriously impaired, and the extensive additional discovery needed would be prejudicial to it.

We therefore find that Fugah's undue delay in seeking leave to amend, combined with the prejudice that would necessarily result to State Farm if we permitted amendment at this late stage, justifies denial of Fugah's motion. We will nonetheless consider whether Fugah's amendment would be futile.

### C. Whether Fugah's Amendment Would Be Futile

An amendment is futile when the complaint, as amended, would not state a claim upon which relief could be granted. In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (explaining that district courts assess futility by applying the Rule 12(b)(6) standard of legal sufficiency). Where a proposed amendment is frivolous, or advances a facially insufficient claim, we may deny leave to amend. Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468-69 (D.N.J. 1990) (citing 6 Wright, Miller & Kane, Fed. Prac. & Proc. § 1487 at 637-42 (2d ed. 1990)). If a complaint could not survive either a motion to dismiss or summary judgment, then the amendment should be denied as futile. 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2015).

Fugah's proposed second amended complaint adds a count alleging State Farm's bad faith conduct. Pl.'s Mot. Ex. F. In Pennsylvania, when an insurer acts in bad faith toward its insured, the insured may seek interest on the amount of the claim, as well as punitive damages, court costs, and attorney's fees against the insurer. 42 Pa. Cons. Stat. § 8371. The statute does not define bad faith, but our Court of Appeals has predicted that the Pennsylvania Supreme Court would adopt the definition of bad faith in the context of Section 8371 as set forth in Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680 (Pa. Super. Ct. 1994). See Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005). In Terletsky, the Pennsylvania Superior Court defined bad faith on the part of an insurer as a frivolous or unfounded, though not

6

necessarily fraudulent, refusal to pay the proceeds of a policy when that refusal goes beyond negligence or bad judgment such that there is a dishonest purpose or breach of a known duty. Terletsky, 649 A.2d at 688.

To prevail on a bad faith claim, the insured must prove that the insurer (1) did not have a reasonable basis for denying benefits under the policy, and (2) knew of or recklessly disregarded its lack of a reasonable basis for denying the claim. Babayan, 430 F.3d at 137 (citing Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000)). An insured must prove the insurer's bad faith by clear and convincing evidence, and a mere insinuation of bad faith will not suffice. Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167, 179 (3d Cir. 2011). This heightened standard obliges the insured to provide evidence so clear, direct, weighty, and convincing such that, without hesitation, it can be determined whether the insurer acted in bad faith. Id.

Pennsylvania law provides that an insurer does not act in bad faith when it conducts a thorough investigation into a questionable claim. Babayan, 430 F.3d at 138. Further, Section 8371 is intended to provide redress to an insured for an insurer's bad faith conduct in its capacity as an insurer, not as a legal adversary in a lawsuit initiated by the insured. O'Donnell ex rel. Mitro v. Allstate Ins. Co., 734 A.2d 901, 908-09 (Pa. Super. Ct. 1999) (explaining that, while an insurer's bad faith conduct may occur while litigation is pending, such conduct would have to be in the nature of breaching the fiduciary or contractual duty owed by the insurer to the insured and not in the nature of a discovery violation).

Fugah argues that his proposed amendment is not futile because State Farm lacked any reasonable basis in law or fact to deny his claims, made misrepresentations to him regarding why it denied his claims, and inadequately investigated the facts and researched the law relevant to the issue of whether he had an insurable interest. Pl.'s Mot. Mem. at 9. State Farm responds that

the allegations Fugah sets forth in his proposed second amended complaint are plainly contradicted by State Farm's own investigation and discovery in this case. Def.'s Resp. Mem. at 11-14. State Farm argues that even if its conclusions -- based on the available information -- were incorrect, Fugah does not set forth any evidence that State Farm's denial of coverage was frivolous or unfounded. Id. at 15.

First, State Farm's allegedly deficient research into whether Fugah had an insurable interest in the home is not a proper basis for a bad faith claim under Section 8371 because it is in the nature of litigation conduct as a legal adversary, not as Fugah's insurer. O'Donnell ex rel. Mitro, 734 A.2d at 908-09. Thus Fugah's only possibly viable bad faith claim would be based upon State Farm's alleged lack of reasonable basis or misrepresentations.

In the proposed second amended complaint, Fugah avers that when State Farm denied his claim for the September 15, 2013 fire loss, it already knew that Fugah had spent significant funds improving the premises, resided at the premises with Larry Sellers and Tiffany Hacket, paid real estate taxes and water and sewer bills, kept personal property and furnishings on the premises, and recorded a deed for the property. Pl.'s Mot. Ex. F at ¶ 28. Fugah alleges that, based on this evidence, State Farm knew that Fugah had an insurable interest in the premises and had no basis for alleging that he made material misrepresentations while submitting his claim, but that it nonetheless denied coverage. Id. at ¶¶ 29-30. Fugah also claims that when State Farm denied coverage for the water damage-related loss, it stated that Fugah had failed to timely notify State Farm even though its adjuster investigated the January 9 water damage a few days later, and also prepared an estimate for Fugah's neighbor's damages that were caused by the broken pipes. Id. at ¶¶ 32-35.

State Farm argues that these averments are not supported by the facts and testimony obtained during the course of the litigation. Def.'s Resp. Mem. at 11. Specifically, State Farm stresses that: the water bills show no sign of usage from the time of purchase until the records end; the president of the Community Land Trust Corporation had encountered prior instances of illegally-transferred properties and had spoken with Fugah's neighbor regarding her concerns about the property; Fugah could not substantiate his claim that he invested significant funds to improve the property; and, it had evidence that Fugah did not reside at the property. Id. at 11-14. State Farm also avers that Fugah did not file a claim for the January 9 water damage until he filed his first amended complaint, and that the claim identified in the December 12, 2014 denial letter was his neighbor's third party claim for benefits. Id. at 14.

Fugah's proposed amendment is facially insufficient and would not survive a motion to dismiss. The averments in the proposed second amended complaint do not state a claim for bad faith upon which relief can be granted because they do not demonstrate that State Farm lacked a reasonable basis for denying benefits under the policy and knew of or recklessly disregarded its lack of a reasonable basis for denying the claim given the heightened pleading standard for a bad faith claim under Section 8371.

Further, the proposed amendment would not survive a motion for summary judgment. An insurer does not act in bad faith when it conducts a thorough investigation into a questionable claim, and State Farm both conducted a thorough investigation and had reason to believe that Fugah's claims were dubious. See, e.g., Babayan, 430 F.3d at 138. While Fugah disagrees with the conclusions State Farm reached as a result of its investigation, he does not contest that State Farm investigated the facts and circumstances surrounding both claims. See, e.g., Pl.'s Mot. Ex. F at ¶¶ 23-28, 35. Further, State Farm had a reasonable basis for denying Fugah's claims as it

9

had reason to believe, based on its investigation, that Fugah (1) had purchased the property under suspicious circumstances, (2) might not have spent the money he claimed he spent to purchase or improve the house, and (3) was not living at the property at the time of the fire loss. Those concerns alone -- even if they turned out to be mistaken -- constitute a reasonable basis for the denial of benefits under the policy, and such a reasonable mistake does not constituted bad faith on State Farm's part.

As amendment would be futile, we will deny Fugah's motion for leave to amend the complaint.

### V.      Conclusion

We find that Fugah's motion for leave to amend demonstrates undue delay, would cause unfair prejudice to State Farm, and is futile. Under these circumstances, justice does not require that we grant leave to amend. We will therefore deny Fugah's motion. An appropriate Order follows.

BY THE COURT:

  /s/ Stewart Dalzell, J.
Stewart Dalzell, J.